**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Ronald L. DAVENPORT and Betty L. Davenport, Defendants–Appellants.**

**Nos. 90–2500, 90–2501.**

United States Court of Appeals, Seventh Circuit.

Sept. 5, 1991.

Larry A. Mackey, Asst. U.S. Atty. (argued), James M. Warden, Asst. U.S. Atty., Office of the U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Kevin McShane (argued), Steckbeck & Moore and Richard L. Darst (argued), Mantel, Cohen, Garelick, Reiswerg & Fishman,

Indianapolis, Ind., for defendants-appellants.

Before BAUER, Chief Judge, and CUMMINGS, WOOD, Jr., CUDAHY, POSNER, COFFEY, FLAUM, EASTERBROOK, RIPPLE, MANION and KANNE, Circuit Judges.

## ON PETITION FOR REHEARING AND REHEARING EN BANC

PER CURIAM.

On April 23, 1991, defendants-appellants filed a petition for rehearing with suggestion for rehearing en banc. An answer to the petition was requested and response was filed by the plaintiff-appellee on May 21, 1991. All of the judges on the original panel voted to deny a rehearing. A judge in regular active service requested a vote and a majority of the judges voted to deny a rehearing en banc.

The petition for rehearing is DENIED.

BAUER, Chief Judge, and CUMMINGS, CUDAHY, FLAUM and RIPPLE, Circuit Judges, voted to grant rehearing.

BAUER, Chief Judge, has filed a dissenting opinion joined by RIPPLE, Circuit Judge.

BAUER, Chief Judge, dissenting from the denial of rehearing *en banc*, joined by RIPPLE, Circuit Judge.

In its argument defending the panel opinion, the government relies on *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), to support its claim that it was not improper to comment on the Davenports' silence during questioning by government agents. But the government's reliance on *Jenkins* may be misplaced.

*Jenkins* holds that where no governmental action induced the defendant to remain silent before arrest and where the failure to speak occurred before the defendant was taken into custody and given *Miranda* warnings, then impeachment by use of pre-arrest silence does not violate the Constitu-

tion. 447 U.S. at 240, 100 S.Ct. at 2130. (*Jenkins* involved a situation in which the defendant stabbed and killed the victim, but was not apprehended until he turned himself in two weeks later. At his state trial for murder, the defendant claimed that the killing was in self-defense. During cross-examination of the defendant and in its closing argument, the government commented on the defendant's prearrest silence, *i.e.* the fact that the defendant waited two weeks before telling the police that he acted in self-defense.)

Nevertheless, *Jenkins* and the instant case are not factually identical. For instance, the Davenports' silence involved the refusal to answer certain questions put to them by agents of the Internal Revenue Service. Moreover, before the questioning began, the Davenports were warned that they had a right to remain silent, but that anything they said could be used against them. Thus, one can argue rather persuasively, I believe, that the instant case is clearly distinguishable from *Jenkins* in that, here, the government induced the silence by questioning, and that the silence occurred after the Davenports were given *Miranda* warnings.[1]

In *United States v. Edwards*, 885 F.2d 377 (7th Cir.1989), this court declared:

> Generally a prosecutor may not offer evidence and may not comment upon a defendant's decision to exercise his fifth amendment right against self-incrimination, at least where that right is invoked after hearing the *Miranda* rights. The rule is not absolute however. The rule in such cases comes down to this: the state may not first implicitly warn the defendant that silence will not be used against him and then accost him at trial once he remains silent.

885 F.2d at 386–87 (citations omitted). Judge Posner's opinion seemingly distinguishes this line of cases by pointing out that the Davenports began answering the agents' questions, and then decided to stop

---

1. I recognize that the questioning was non-custodial and, therefore, no *Miranda* warning was required. The point is, they did receive a *Mi-* *randa* warning and were told that they did not have to answer questions—then their refusal was stuffed up their noses at trial.

talking. Judge Posner finds that once the Davenports began down "the self-exculpation road ... they forfeited their privilege not to answer questions concerning [their] version [of the events]." 929 F.2d 1169, 1174-75.

I am inclined to believe that the instant case falls under the *Edwards* rule, not the *Jenkins* exception. Therefore, I dissent from the order denying the petition.